**Affirmed and Majority and Concurring Memorandum Opinions filed March 7, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00652-CV

---

## IN THE INTEREST OF A.H., L.H., AND A.H., CHILDREN

---

**On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2020-01531J**

---

### CONCURRING MEMORANDUM OPINION

I join the majority opinion in affirming the judgment of the trial court and the basis for the termination of Mother's parental rights, with the exception of the majority's conclusion that Mother's drug use "qualifies as an endangering course of conduct" absent proof of such. *See In re L.C.L.,* 599 S.W.3d 79, 85-86 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (en banc); *see also* Tex. Fam. Code Ann. § 161.001(b)(1)(E). Here, the evidence presented indicates that Mother's mental health was the cause of the endangering conduct, not the use of narcotics. According to the testimony of Renee Hamilton, the CPS caseworker, the reason the

children were in the custody of CPS was the lack of proof of Mother's compliance with her medication. Hamilton stated during trial that Mother had not proved "that she can have consistent medication management, which was very important and also tied to the reason the children are in custody." Although Mother tested positive for drugs in violation of the Family Service Plan, there was no evidence adduced that Mother used drugs in front of the children, or that her drug use, rather than her mental state, was the cause of endangerment to the children.

/s/    Margaret "Meg" Poissant
Justice

Panel consists of Justices Wise, Jewell, and Poissant. (Wise, J., majority).